UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS,                                                                         Plaintiff,

v.                                                                Civil Action No. 3:21-cv-366-DJH

GREG STIVERS,                                              Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Lynell Willis filed the instant *pro se* action. He paid the filing fees. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

### I.

Plaintiff sues the Honorable Chief Judge Greg Stivers in the caption of the complaint. In the "Defendants" section of the complaint form, Plaintiff also lists the Gene Snyder Courthouse as a Defendant. Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "Signature fraud, harassment, stalking, racial discrimination, courthouse privacy violation, civil rights: voter violation." Where the form asks for the amount in controversy, Plaintiff states, "1 million dollars for involvement in signature fraud, judical to citizen corruption involving my kidnapp."

As his statement of claim, Plaintiff states as follows:

> While incarcerated at the Hardin Co., Ky. Juvenile Detention Center at 17 in 2002 May or June I scribbled down some cursive writing 3 and S: L marking the L with a line at top. I received yet another dismissal on civil suit and noticed that the signature of Mr. Stivers is identical to the one I had written.

In the relief section of the complaint form, Plaintiff states, in part, as follows:

I would like the courts to polygraph Mr. Stivers if he's using false signature in the courts, if he received the signature from someone, if he's racialy discriminating against me: other blacks, if he is [illegible] in my kidnap find out why he is participating in these illegal acts. The problems still persists of signature fraud.

## II.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard for dismissal.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:   July 20, 2021

David J. Hale, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Chief Judge Stivers
4415.010